IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID W. TAYLOR,

        Plaintiff,

   v.

MEGAN J. BRENNAN,

        Defendant.

CIVIL ACTION
NO. 15-2349

## OPINION

**Slomsky, J.**                                                                                                                                  January 15, 2016

## I. INTRODUCTION

Plaintiff David W. Taylor brings this civil action against Defendant Post Master General Megan J. Brennan for employment discrimination based on race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). (Doc. No. 1.) Before the Court is Defendant's Motion to Dismiss the Complaint, which was filed on July 2, 2015. (Doc. No. 5.) For the following reasons, the Court will grant Defendant's Motion and dismiss Plaintiff's Complaint.[1]

## II. BACKGROUND

Plaintiff, a tractor trailer driver for the United States Postal Service ("Postal Service"), was involved in a motor vehicle accident with a SEPTA[2] bus while he was driving a Postal Service truck. (Doc. No. 1-1 at 12-13.) The accident occurred on June 6, 2013 on Lancaster

---

[1] Defendant's Motion includes an Alternative Motion for Summary Judgment. Because the Court will dismiss this case, it need not address Defendant's request for Summary Judgment.

[2] "SEPTA" is an acronym for Southeastern Pennsylvania Transportation Authority.

1

Avenue in Ardmore, Pennsylvania.  (Doc. No. 1 at 17.)  The side mirror of the SEPTA bus was damaged, but neither vehicle required towing, and neither driver was injured.  (Id.)

Following the collision, Karen Scannell, a Postal Service supervisor, issued to Plaintiff on July 22, 2013 an Official Letter of Warning for Failure to Perform Your Duties/Unsafe Act. (Doc. No. 1-1 at 12.)  In the Letter of Warning, Scannell explained that video footage of the accident revealed that Plaintiff struck the SEPTA bus while attempting to switch lanes, and that the police report confirmed this fact.  (Id.)  Scannell further explained to Plaintiff that, because of his purported careless driving, there was the potential to cause serious injury to individuals and damage to other vehicles.  (Id.)  Scannell told Plaintiff that he had not met his responsibility to safely operate a Postal Service vehicle and therefore violated Postal Service regulations.  (Id. at 12-13.)  Scannell and Plaintiff agreed to reduce the Letter of Warning to an official discussion on August 2, 2013, thereby settling and resolving the particular grievance process (otherwise known as a "Step One Settlement Agreement").  (Id. at 14.)

After receiving the Letter of Warning, Plaintiff requested what is known as pre-complaint processing in order to file a complaint with the Equal Employment Opportunity ("EEO") office of the Postal Service.  (Doc. No. 5-1 at 6.)  Despite agreeing to the Step One Settlement Agreement, Plaintiff still filed the formal EEO complaint on September 9, 2013.  In it, Plaintiff asserted that he suffered employment discrimination "based on Race (African-American) and Sex (Male)" when he was issued the July 2013 Letter of Warning.  (Id.)  On October 4, 2013, the complaint was dismissed because the Letter of Warning had been reduced to an official discussion by way of the Step One Settlement Agreement.  (Id. at 7-8.)  The EEO Services Analyst dismissing the complaint noted that the Equal Employment Opportunity Commission ("EEOC") has long held that "a Letter of Warning reduced to a discussion is no longer a

disciplinary action," and that "official discussions alone do not render an employee aggrieved." (Id. at 7) (citations omitted).

On April 29, 2015, Plaintiff filed the Complaint in this Court against Defendant for Title VII violations based on race and sex. (Doc. No. 1.)[3] Defendant filed the present Motion to Dismiss on July 2, 2015. (Doc. No. 5.) Plaintiff filed a Response to the Motion on July 13, 2015. (Doc. No. 6.)[4] For the reasons that follow, Defendant's Motion will be granted and this case will be dismissed.

### III. STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 663; see Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ethypharm S.A. France v.

---

[3] Plaintiff also filed suit on November 19, 2014 in the Eastern District of Pennsylvania against his supervisors, alleging wrongful retaliation in violation of Title VII. Taylor v. Donahoe, No. 14 Civ. 6642 (Doc. No. 1) (E.D. Pa. Nov. 19, 2014). In his Complaint, Plaintiff alleged that the retaliation took place in April 2014 and consisted of denial of compensation for one hour of overtime, shortening of one of his lunch breaks, and being yelled at in front of a co-worker on one occasion. Id. That case was initiated after an EEO complaint was filed on July 31, 2014, which is different from the September 2013 EEO complaint associated with this case. Judge Wendy Beetlestone of the Eastern District of Pennsylvania dismissed that case without prejudice because, among other things, Plaintiff incorrectly named as defendants certain Postal Service employees and because the alleged retaliatory action was not sufficient to survive as a Title VII claim. Id. at Doc. Nos. 15, 21 (E.D. Pa. Apr. 7, 2015).

[4] During the proceedings in this case, Plaintiff has also filed a Motion for Relief from the Judgment (Doc. No. 3), a Motion for Summary Judgment (Doc. No. 7), and a Motion for [sic] Request for a Hearing for Relief from Judgment (Doc. No. 9). These Motions were denied as premature. (Doc. Nos. 8, 11.) Plaintiff currently has a motion titled "Motion for United States Attorney General" pending before this Court (Doc. No. 12), which appears to be a discovery request. Because this case will be dismissed in its entirety, that Motion will be denied as moot.

Abbott Labs., 707 F.3d 223, 231 n.14 (3d Cir. 2013) (citing Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."  Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009) (citing Phillips v. Cty. of Allegheny, 515 F.3d 224, 234–35 (3d Cir. 2008)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679.  The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

When determining a motion to dismiss, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).  "A pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal citations omitted).

4

When considering a motion to dismiss, the Court may consider certain documents not made part of the Complaint.  As noted in Miller v. Cadmus Communications:

> Ordinarily, a court's review of a motion to dismiss is limited to the contents of the complaint, including any attached exhibits.  However, evidence beyond a complaint which the court may consider in deciding a 12(b)(6) motion to dismiss includes public records (including court files, orders, records and letters of official actions or decisions of government agencies and administrative bodies), documents essential to plaintiff's claim which are attached to defendant's motion, and items appearing in the record of the case.

No. 09-cv-02869, 2010 WL 762312, at *2 (E.D. Pa. Mar. 1, 2010) (citing Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d ns. 1-2 (3d Cir. 1995)); see also Doe v. Hesketh, 77 F. Supp. 3d 440, 445 (E.D. Pa. 2015).

**IV.   ANALYSIS**

Plaintiff essentially alleges that the initial July 2013 Letter of Warning amounts to employment discrimination because it was an adverse employment action made on the basis of Plaintiff's race and sex.[5]  Defendant disputes this allegation, asserting that: 1) Plaintiff's claim is time-barred; and 2) Plaintiff's claim is not covered by Title VII because the alleged discriminatory activity does not amount to an adverse employment action.  The Court agrees with Defendant's arguments.  Each one will be addressed separately.

---

[5] Plaintiff also alleges that he is entitled to relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (Doc. No. 6 at 1.)  But there is no judgment from this Court to which Plaintiff can seek relief.  (Doc. Nos. 8, 11.)  If the judgment that Plaintiff seeks relief from is related to his previous litigation brought against different defendants and involving different claims, Taylor v. Donahoe, No. 14 Civ. 6642 (Doc. No. 1) (E.D. Pa.), the Rule 60(b) motion should be filed in that case.

Plaintiff also asserts against Defendant a violation of 42 U.S.C. § 1983.  (Doc. No. 6 at 1.)  Section 1983, however, applies to state officials acting under the color of state law.  Defendant is a federal official, not a state one, and for this reason, this claim cannot apply to her.

**A. Plaintiff's Complaint Was Not Timely Filed and Is Barred by the Statute of Limitations**

Defendant first argues that Plaintiff's Complaint must be dismissed because it was untimely filed and therefore barred by the statute of limitations set forth in Title VII. Defendant notes that Plaintiff had ninety days to bring his suit after receiving the notice of dismissal of Plaintiff's EEO complaint. Plaintiff filed his suit in this case on April 29, 2015, however, which is more than a year and a half after receiving the notice of final agency action on October 9, 2013. Plaintiff contends that his suit was timely filed, apparently relying on the fact that he filed the other suit in November 2014 before Judge Beetlestone. See n.3, supra. Plaintiff's argument is unavailing.

A plaintiff alleging Title VII violations "must exhaust all required administrative remedies before bringing a claim for judicial relief." Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997). When a plaintiff chooses to bring his claim in federal court rather than appeal the final decision of his employer's EEO office to the EEOC, exhaustion of administrative remedies requires that the suit be timely filed. Slingland v. Donahoe, 542 F.App'x 189, 191-92 (3d Cir. 2013). When a plaintiff exercises this option, he must file suit within "90 days of receipt of notice of final [federal agency] action." 42 U.S.C. § 2000e-16; see also Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). The Third Circuit has held that there is a presumption that the plaintiff receives notice of the final agency action within three days after it was mailed, absent other evidence. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).

Plaintiff did not meet the requirements of Title VII for exhausting administrative remedies because he filed his suit well beyond the statute of limitations. Plaintiff received notice of the final agency action dismissing his complaint on October 9, 2013. (Doc. No. 5-1 at 3, 13).

6

Therefore, Plaintiff had until January 7, 2014 to file his Complaint in federal court.  Plaintiff did not commence the current action until April 29, 2015.  Consequently, because Plaintiff brought his claims after the statute of limitations had run, they are time-barred.

Plaintiff contends that his claims here are not barred by the statute of limitations, but he does not provide any explanation beyond referencing the separate suit he filed in November 2014.  That suit, however, was predicated on an entirely different EEO complaint that raised separate claims against different defendants.  The claims that Plaintiff raises in the present suit occurred in 2013, and notice of final agency action for those claims was received by Plaintiff on October 9, 2013.  In the notice of dismissal of his EEO complaint, Plaintiff was instructed by the EEO office of the time by which he must file suit.  Because Plaintiff did not file the instant case until April 29, 2015, which is more than ninety days after final agency action, Plaintiff's suit was untimely filed and must be dismissed.

### B. Plaintiff Was Not Subjected to an Adverse Employment Action

Defendant next argues that dismissal of this case is warranted because Plaintiff fails to state a sufficient claim of discrimination under Title VII.  Defendant avers that to state a claim, Plaintiff is required to show that he was subject to an adverse employment action.  Defendant submits that a Letter of Warning that is reduced to an official discussion does not amount to such an action.  Plaintiff does not contest this fact in his Response to the Motion to Dismiss.  (Doc. No. 6.)

To state a claim of discrimination on the basis of race or sex under Title VII, a plaintiff bears the initial burden of showing that: "(1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the

7

employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position." Sarullo v. U.S. Postal Service, 532 F.3d 789, 797 (3d Cir. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).  Regarding the third element, an adverse employment action is one that results in "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).  "Title VII is not a general civility code and cannot provide relief for unpleasantness, even if that unpleasantness may be motivated by racial [or sex-based] animus . . . [a] plaintiff cannot seek redress from petty slights and workplace grievances." Petro-Ryder v. Capt. Jacqueline Pittman, No. 15 Civ. 2908, 2015 WL 8731623 (E.D. Pa. Dec. 11, 2015) (quoting Oncale v. Sundowner Offshore Servs, Inc., 523 U.S. 75, 81 (1998); Barnees v. Nationwide Mut. Ins., Co., 598 F.App'x 86, 90 (3d Cir. 2015); Yarnall v. Phila. Sch. Dist., 57 F. Supp. 3d 410, 421 (E.D. Pa. 2014)).

As the EEO office noted in the dismissal of Plaintiff's EEO complaint, the EEOC does not recognize a Letter of Warning that is reduced to an official discussion as a disciplinary action taken by the agency or as an adverse employment action. (Doc. No. 5-1 at 7); see, e.g., Yeats, EEOC 05940605 (1994); Ross, EEOC 05940605 (1994).  Courts have held that a Letter of Warning reduced to an official discussion does not constitute adverse employment action. See, e.g., Rivers v. Potter, No. 05 Civ. 4868, 2007 WL 440880 (D.N.J. Dec. 18, 2007); see also Morrow v. Donahue, 564 F. App'x 859, 860 (7th Cir. 2014) (official discussion is not an adverse employment action).

Defendant is correct that Plaintiff has not alleged an adverse employment action.  An official discussion does not rise to the level of an adverse employment action.  The Letter of

Warning had been reduced to an official discussion by the time Plaintiff's EEO complaint was filed. In the EEO Investigative Affidavit that Plaintiff filed with his Complaint, he admits that he experienced no financial or medical difficulties as a result of the official discussion, and he does not allege any "change in his employment status" or "change in benefits." (Doc. No. 1-1 at 1.) Plaintiff thus fails to state a claim of discrimination under Title VII because he has not shown that he was subjected to a recognizable adverse employment action.

Presumably to rebut Defendant's argument, Plaintiff, in response to the Motion to Dismiss, recounts the events before and after the accident. The only evidence of an adverse employment action he relies on is that his supervisor was "contemptuous" towards him because of the accident and that she issued the Letter of Warning. (Doc. No. 6.) As previously discussed, the Letter of Warning was reduced to an official discussion, and mere "unpleasantness" in the workplace does not constitute an adverse employment action. Therefore, Plaintiff has not met his burden to show that he was subjected to employment discrimination.

V.  **CONCLUSION**

Plaintiff's claim of discrimination under Title VII was brought after the statute of limitations period had ended and is time-barred. Plaintiff also has failed to state a claim of Title VII discrimination because he has not shown the presence of an adverse employment action. Accordingly, the Court will grant Defendant's Motion to Dismiss. An appropriate order follows.